UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA JASKO,

                         Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

<u>DECISION AND ORDER</u>

18-CV-642L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On May 22, 2014, plaintiff, then fifty-one years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since April 9, 2014. (Dkt. #6-2 at 11). Her applications were initially denied. Plaintiff requested a hearing, which was held on April 7, 2017 via videoconference before Administrative Law Judge ("ALJ") John Melanson. The matter was subsequently reassigned to ALJ Linda J. Helm. Upon review of the entire record and hearing transcript, ALJ Helm issued a decision on June 28, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6-2 at 11-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 6, 2018. (Dkt. #6-1 at 1-5). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter (Dkt. #7), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings, pursuant to Fed. R. Civ.

Proc. 12(c).   For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).   *See* 20 CFR §§404.1509, 404.1520.   The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.   *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, particularly her treatment notes for degenerative joint disease of both knees and ankles, tendonitis of both ankles and feet, and chronic obstructive pulmonary disorder ("COPD"), which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment.   The ALJ also considered the effect of plaintiff's mild obesity on her ability to function.   The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform medium work, except that she can no more than occasionally climb ramps, scaffolds, stairs, and ladders, can no more than occasionally balance, stoop, kneel, crouch or crawl, and must avoid concentrated respiratory irritants.   (Dkt. #6-2 at 19).   Based on this finding and the testimony of vocational expert Warren D. Maxim, the ALJ concluded that plaintiff's RFC permits her to perform a limited range of jobs within the category of her past relevant work as a personal care attendant, as well as the additional position of parking lot attendant.   (Dkt. #6-2 at 25-26).

## I.    Treating Physician Opinion

Observing that there was "little in the way of a treating physician opinion," the ALJ noted that she had reviewed the November 13, 2015 employability assessment of plaintiff's treating internist, Dr. Irene Paulus (mistakenly identified by the ALJ as "Dr. Irene," Dkt. #6-8 at 1183-85), and stated simply that although the opinion did not "provid[ a] clear picture[] of [an RFC] assessment," it was "not inconsistent" with her RFC finding.   (Dkt. #6-2 at 24).

The Court disagrees.    Initially, the ALJ engaged in no meaningful discussion of Dr. Paulus's employability assessment, recited none of its findings, and failed to apply the treating physician rule to it.[1]    Moreover, even a cursory examination of Dr. Paulus's opinion indicates that it conflicts significantly with the RFC determined by the ALJ.    In contrast with the ALJ's finding that plaintiff can perform medium work (which involves lifting up to 50 pounds at a time, and frequently lifting and carrying up to 25 pounds) with occasional climbing, balancing, stooping, kneeling, crouching and crawling, Dr. Paulus opined that due to plaintiff's permanent left foot pain, bilateral knee pain, etc., plaintiff was "very limited" (the highest possible degree of limitation available to be indicated on the form that Dr. Paulus used) in walking, standing, lifting, carrying, pushing, pulling, bending, and climbing, and would also have "moderate" limitations in maintaining attention and concentration.   (Dkt. #6-8 at 1184-85).

---

[1] It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence."   *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).   In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist.   Further, the ALJ must articulate good reasons for assigning the weight that he or she does accord to a treating physician's opinion.   *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted).   While a recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017, for purposes of this appeal, the prior regulation applies. See *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416).

Because the ALJ's RFC finding attempted to account for just six of the nine limitations indicated by Dr. Paulus, it cannot be said to have been "consistent" with Dr. Paulus's report. The ALJ's failure to discuss Dr. Paulus's opinion in detail, with a reasoned application of the treating rule, the furnishing of good reasons for declining to fully credit it, and an explanation of how her RFC determination accounts for the types and extent of limitations identified by Dr. Paulus, is reversible error. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). To the extent that the ALJ might not have been sure precisely what Dr. Paulus meant in describing plaintiff's functionality as "very limited" in several areas, the ALJ should have recontacted Dr. Paulus for clarification. *See Isernia v. Colvin*, 2015 U.S. Dist. LEXIS 126871 at *28 (E.D.N.Y. 2015) ("[t]he law is clear beyond cavil that where, as here, a treating physician's opinion is found by the ALJ to be vague or unclear, it is incumbent on the ALJ to recontact the treating physician for clarification of his or her opinion"). *See also Delgado v. Berryhill*, 2018 U.S. Dist. LEXIS 41745 at *36 *37 (D. Conn. 2018) (rather than rejecting a treating physician's opinion for vagueness, the ALJ should recontact the physician).

The ALJ's error is not harmless, since at the time of her alleged onset date, plaintiff was over the age of 50, with a high school education. Depending on the transferability of plaintiff's work-related skills – an issue that the ALJ did not reach – an exertional capacity at any level less than "medium" could result in an automatic finding of disability, per the Medical-Vocational Guidelines. (Dkt. #6-2 at 26).

The Court also notes that there is significant evidence of record suggesting some measure of limitation in each of the functional areas of functioning identified by Dr. Paulus. In or about January 2014, plaintiff was injured when a filing cabinet plaintiff was moving landed on her left foot, fracturing it. Plaintiff was given a cam boot, cane, Richie brace and orthotic, as well as a

wheelchair to use during her recovery. A May 2014 MRI of the left foot showed mild tenosynovitis and hypertrophic changes. Plaintiff was diagnosed with tendinitis tibialis and pain, and given a knee scooter to ambulate.

In or about August 2014, X-rays of plaintiff's right knee showed moderate-to-severe degenerative changes, while left knee X-rays showed mild degenerative changes. In February 2015, plaintiff underwent left foot surgery to fuse a joint, rebuild the arch and lengthen the Achilles tendon. During this period, plaintiff underwent injections in both knees, and in May 2016, had arthroscopic surgery for a meniscal tear in the left knee. During this time, plaintiff was ambulating with a straight cane and rolling walker. Plaintiff appeared to improve with physical therapy, but an MRI of the right knee in August 2016 showed additional degenerative changes. Plaintiff underwent surgery on her right foot in August 2016, and her right knee in December 2016. (Dkt. #6-2 at 20-22).

Based on the foregoing, I believe the ALJ failed to apply the proper standards in reaching her decision, and that the matter must be remanded for further proceedings. Having found that remand is appropriate, the Court declines to consider plaintiff's additional arguments.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion seeking remand (Dkt. #7) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied. The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further proceedings. Upon remand, the ALJ is instructed to give due consideration to the opinion of plaintiff's treating physician, Dr. Irene Paulus, with a reasoned application of the treating physician rule, the furnishing of good reasons for the weight afforded to the opinion, a discussion of how the ALJ's RFC determination accounts for the portions of the opinion that are

credited, and an explanation for any portion is not fully credited.   The ALJ is further directed to obtain, as appropriate, clarifying information from Dr. Paulus, and such other and further medical opinion evidence from treating or examining sources, as is necessary to reach a decision supported by substantial evidence.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated:  Rochester, New York
      August 2, 2019.